UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL THOMAS LEKEITH BRAGGS, BOOKING #24723149,<br><br>Plaintiff,<br><br>vs.<br><br>SAN DIEGO SHERIFF'S DEPARTMENT,<br><br>Defendant. | Case No.: 3:24-cv-1772-RBM-VET<br><br>**ORDER**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>**(2) DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |

On October 3, 2024, Plaintiff Michael Thomas LeKeith Braggs ("Plaintiff"), an inmate at the George Bailey Detention Facility in Santee, California, proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 alleging violations of his First, Fourth, Eighth, and Fourteenth Amendment rights. (Doc. 1 at 1, 3.) Plaintiff claims that he was subjected to the excessive use of force while being booked into the San Diego Central Jail. (*Id.* at 2–5.) Plaintiff has also filed a Motion to Proceed in Forma Pauperis ("IFP Motion"). (Doc. 2.)

I.     **IFP MOTION**

All parties instituting any civil action, suit, or proceeding in a district court of the

United States, except an application for writ of habeas corpus, must pay a filing fee of $405, consisting of a $350 statutory fee plus an additional administrative fee of $55, although the administrative fee does not apply to persons granted leave to proceed IFP. *See* 28 U.S.C. § 1914(a); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007) ("Plaintiffs normally must pay $350 to file a civil complaint in federal district court, 28 U.S.C. § 1914(a), but 28 U.S.C. § 1915(a)(1) allows the district court to waive the fee, for most individuals unable to afford it, by granting IFP status.").

A prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for … the 6-month period immediately preceding the filing of the complaint[.]" 28 U.S.C. § 1915(a)(2); *see also Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005) ("[P]risoners must demonstrate that they are not able to pay the filing fee with an affidavit and submission of their prison trust account records[.]"). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has insufficient assets. *See* 28 U.S.C. § 1915(b)(1), (4); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016). Prisoners who proceed IFP must pay any remaining balance in "increments" or "installments," regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1), (2); *Bruce*, 577 U.S. at 84.

In support of his IFP motion, Plaintiff has submitted copies of his Prison Certificate, Trust Account Withdrawal Authorization, and Account Activity. (Doc. 2 at 4–6.) The documents show that Plaintiff has an average monthly balance of $251.25, average monthly deposits of $251.25, and an available balance of $25.93. (*Id*. at 4, 6.)

Based on this documentation, the Court **GRANTS** Plaintiff's IFP Motion and assesses an initial partial filing fee of $50.25. *See Taylor v. Delatoore*, 281 F.3d 844, 850

1  (9th Cir. 2002) (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing
2  dismissal of a prisoner's IFP case based solely on a "failure to pay … due to the lack of
3  funds available to him when payment is ordered."). However, this initial fee only need be
4  collected if sufficient funds are available in Plaintiff's account at the time of this Order.
5  *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited
6  from bringing a civil action or appealing a civil action or criminal judgment for the reason
7  that the prisoner has no assets and no means by which to pay the initial partial filing fee.").
8  Pursuant to 28 U.S.C. § 1915(b)(2), the agency having custody of Plaintiff must forward
9  payments to the Clerk of the Court until the $350 statutory fee is paid in full.

**II.     SCREENING PURSUANT TO 28 U.S.C. §§ 1915(E)(2) & 1915A(B)**

11  Because Plaintiff is a prisoner proceeding IFP, his Complaint requires pre-answer
12  screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Rhodes v. Robinson*,
13  621 F.3d 1002, 1004 (9th Cir. 2010) (citing 28 U.S.C. § 1915A(a)). The Court must
14  dismiss *sua sponte* a prisoner's IFP complaint, or any portion of it, that is frivolous,
15  malicious, fails to state a claim on which relief may be granted, or seeks monetary relief
16  from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir.
17  2000) (en banc) (citing 28 U.S.C. § 1915(e)(2)).

18  "The standard for determining whether a plaintiff has failed to state a claim upon
19  which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of
20  Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d
21  1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir.
22  2012) (noting that § 1915A screening "incorporates the familiar standard applied in the
23  context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).") Rule
24  12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state
25  a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)
26  (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining
27  whether a complaint states a plausible claim for relief [is] a context-specific task that
28  requires the reviewing court to draw on its judicial experience and common sense." *Id.* at

679.

Here, Plaintiff bring a claim for excessive force pursuant to 42 U.S.C. § 1983. (Doc. 1 at 1–2.) Title 42 U.S.C. § 1983 "creates a private right of action against **individuals** who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001) (emphasis added). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a **person** acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012) (emphasis added).

Here, the only named defendant in Plaintiff's Complaint is the San Diego Sheriff's Department. (Doc. 1 at 2.) Plaintiff cannot state a § 1983 claim against the San Diego Sheriff's Department because it is not a "person" within the meaning of § 1983. *See Johnson v. County of San Diego*, 18cv1846-LAB (RBB), 2018 WL 5630503, at *3 (S.D. Cal. 2018) ("Local law enforcement departments, like the San Diego Sheriff's Department, municipal agencies, or subdivisions of that department or agency, are not proper defendants under § 1983.").[1]

Accordingly, the Court finds that Plaintiff's Complaint fails to state a plausible claim against the only named defendant and is subject to *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *See Lopez*, 203 F.3d at 1126–27; *Rhodes*, 621 F.3d at 1004. Because Plaintiff is proceeding pro se, the Court will grant him an opportunity to amend his Complaint. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless it is absolutely clear that the deficiencies

---

[1] "[A]s a municipality, the County [of San Diego could] be held liable under § 1983—but only where the Plaintiff alleges facts to show that a constitutional deprivation was caused by the implementation or execution of 'a policy statement, ordinance, regulation, or decision officially adopted and promulgated' by the County, or a 'final decision maker' for the County." *Johnson*, 2018 WL 5630503, at *2. No such allegations exist here.

of the complaint could not be cured by amendment.") (internal quotation marks omitted). If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final order dismissing this civil action based on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), as well as Plaintiff's failure to prosecute this action in compliance with this Order. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")

### III.  CONCLUSION

Based on the foregoing, the Court:

1.  **GRANTS** Plaintiff's IFP Motion (Doc. 2);

2.  **DIRECTS** the Watch Commander at the George Bailey Detention Facility, or their designee, to collect from Plaintiff's trust account an initial filing fee of $50.25, if those funds are available at the time of this Order, and forward whatever balance remains of the $350 owed in monthly payments in an amount equal to twenty 20% of the preceding month's income to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2);

3.  **DISMISSES** Plaintiff's Complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1); and

4.  **GRANTS** Plaintiff forty-five (45) days from the date of this Order to file an Amended Complaint that cures all of the deficiencies identified above.

**IT IS SO ORDERED.**

DATE: October 28, 2024

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE