UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL THOMAS LEKEITH BRAGGS, BOOKING #24723149,<br><br>Plaintiff,<br><br>vs.<br><br>SAN DIEGO SHERIFF'S DEPARTMENT and SAN DIEGO DEPUTY SERGEANT Q. BROCK,<br><br>Defendants. | Case No.: 3:24-cv-01772-RBM-VET<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT [Doc. 5]**<br><br>**(2) DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b)** |

On October 3, 2024, Plaintiff Michael Thomas Le'Keith Braggs ("Plaintiff"), an inmate at the George Bailey Detention Facility in Santee, California, proceeding pro se, filed a Complaint under 42 U.S.C. § 1983 ("Complaint"), claiming he was subjected to the use excessive of force while being booked into the San Diego Central Jail.  (Doc. 1.)  He also filed a Motion to Proceed in Forma Pauperis ("IFP"). (Doc. 2.)  On October 28, 2024, the Court granted Plaintiff leave to proceed IFP and dismissed the Complaint without prejudice for failure to state a claim ("Dismissal Order").  (Doc. 3.)

On November 29, 2024, Plaintiff filed an Amended Complaint ("FAC") against Defendants San Diego Sheriff's Department and Sergeant Q. Brock ("Defendants").  (Doc. 4.)  Plaintiff also filed a second motion to proceed IFP ("Second IFP Motion").  (Doc. 5.)

1

For the reasons set forth below, Plaintiff's Second IFP Motion (Doc. 4) is **DENIED as moot**, and Plaintiff's FAC is **DISMISSED with leave to amend**.

### I.     SECOND IFP MOTION

As set forth above, the Court granted Plaintiff leave to proceed IFP on October 28, 2024.  (Doc. 3.)  For this reason, Plaintiff's Second IFP Motion (Doc. 4) is **DENIED as moot**.

### II.    SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) AND 1915A(b)

Because Plaintiff is a prisoner proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  Under these provisions, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune.  *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (quoting and analyzing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (quoting 28 U.S.C. § 1915A(a)–(b)(1)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citation omitted); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)") (citations omitted).  Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* (citation omitted).

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights."  *Devereaux v. Abbey*,

263 F.3d 1070, 1074 (9th Cir. 2001) (citing 42 U.S.C. § 1983). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quotation omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012) (quotation omitted).

A.   **Plaintiff's Allegations**

In his FAC, Plaintiff alleges that, during his arrest on May 28, 2024, the police allowed emergency medical responders to inject a numbing agent into his hands, break off the tips of the needles, place electrodes on his body, shock him, and inject him with a sleeping agent. (Doc. 4 at 3.) Plaintiff woke up at a hospital and police transported him to the San Diego Central Jail, where he was surrounded by about nine to twelve Sheriff's Deputies while being booked and fingerprinted who without warning shouted, "stop resisting." (*Id*.) The Deputies grabbed Plaintiff "and swung [him] in multiple directions, using joint locks." (*Id*.) One of the Deputies "put his hands around [Plaintiff's] throat and shook/slammed [his] head to [the] ground, over and over. Then punched [his] skull into the ground repeatedly." (*Id*.) Other Deputies used "pain compliance" even while he was shackled and strapped to a gurney. (*Id*.) A Deputy placed a baton between Plaintiff's ankles and continued twisting even after his ankle cracked. (*Id*.)

Plaintiff then alleges that he was rolled into a cell "covered in white power/Nazi symbolism," unstrapped from the gurney, and dropped to the floor. (*Id*. at 4.) Deputies began using pain compliance again for no reason, even after he was unshackled, by twisting his limbs, kneeing him in the neck and spine, pulling his ears and nose, and kicking him until a supervisor forced them to stop. (*Id*.) Defendant Sergeant Brock held a riot shield on his back and cut off his clothes while straddling his legs. (*Id*.) Nurses thereafter force fed him pills to reduce swelling of his head and face. (*Id*.) He suffered a fractured jaw, collar bone, and rotator cuff; detached retinas; and permanent damage to his eyes. (*Id*. at

3–4.) Plaintiff now claims that his rights under the First, Fourth, Eighth, and Fourteenth Amendments were violated by Defendants San Diego Sheriff's Department and Sergeant Brock. (*Id.* at 3–5.)

**B.     Discussion**

Because Plaintiff was a pretrial detainee at a state facility at the time of the alleged events, the Court construes his excessive force claims as arising under the Due Process Clause of the Fourteenth Amendment rather than under the Eighth Amendment. *See Ingraham v. Wright*, 430 U.S. 651, 671 n.40 (1977) ("[T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law. Where the State seeks to impose punishment without such an adjudication, the pertinent constitutional guarantee is the Due Process Clause of the Fourteenth Amendment."); *Kingsley v. Hendrickson*, 576 U.S. 389, 391–92 (2015) (holding that a pretrial detainee bringing excessive force claims against jail officers, in violation of the Fourteenth Amendment's Due Process clause, must show that the officers' use of force was objectively unreasonable).

In bringing a claim for excessive force, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley*, 576 U.S. at 396–97. "A court (judge or jury) cannot apply this standard mechanically. Rather, objective reasonableness turns on the facts and circumstances of each particular case." *Id.* at 397 (internal citations and quotations omitted). "A court must make this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight. A court must also account for the legitimate interests that stem from the government's need to manage the facility in which the individual is detained, appropriately deferring to policies and practices that in the judgment of jail officials are needed to preserve internal order and discipline and to maintain institutional security." *Id.* (internal citations and quotations omitted).

"Considerations such as the following may bear on the reasonableness or unreasonableness of the force used: the relationship between the need for the use of force

and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Id.* (citation omitted).

### 1. San Diego Sheriff's Department

In its prior Dismissal Order, the Court informed Plaintiff that he could not state a § 1983 claim against the San Diego Sheriff's Department because it is not a "person" within the meaning of § 1983. (Doc. 3 at 4.) *See also Tsao*, 698 F.3d at 1138 ("To establish § 1983 liability, a plaintiff must show . . . that the deprivation was committed by a *person* acting under color of state law.") (quotation omitted) (emphasis added); *Johnson v. Cnty. of San Diego*, Case No. 3:18-cv-01846-LAB-RBB, 2018 WL 5630503, at *3 (S.D. Cal. Oct. 30, 2018) ("Local law enforcement departments, like the San Diego Sheriff's Department, municipal agencies, or subdivisions of that department or agency, are not proper defendants under § 1983."). Despite the Court's instruction, Plaintiff named Defendant San Diego Sheriff's Department in his FAC. (Doc. 4 at 1.) Accordingly, Plaintiff's claim against the San Diego Sheriff's Department is **DISMISSED**.

### 2. Sergeant Brock

Plaintiff has now added Defendant Sergeant Brock as a Defendant. (Doc. 4 at 1–2.) Plaintiff alleges that Defendant Sergeant Brock held him down with a riot shield and cut off his clothes. (*Id.* at 2.) Plaintiff then alleges that Defendant Sergeant Brock and others beat and tortured Plaintiff while they straddled his naked body. (Doc. 4 at 2.) However, Plaintiff has not included any allegations regarding the actions that precipitated the alleged "use of force" incident, his compliance (or lack thereof), or what injuries he sustained because of such incident. Therefore, Plaintiff has failed to allege that the "use of force" incident was "objectively unreasonable." *See Kingsley*, 576 U.S. at 396–97. Accordingly, Plaintiff's claim against Defendant Sergeant Brock is **DISMISSED**.

***

Because Plaintiff is proceeding pro se, the Court will grant Plaintiff the opportunity

to amend his FAC. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

### III. CONCLUSION

Based on the foregoing, the Court **DISMISSES** Plaintiff's FAC for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) and **GRANTS** Plaintiff leave to file a second amended complaint curing the deficiencies of pleading noted. Any second amended complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged will be considered waived. *See* S.D. Cal. Civ. R. 15.1; *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims may be considered waived if not re-pled). Any second amended complaint must also be filed on or before **June 20, 2025**.

If Plaintiff fails to timely file a second amended complaint, the Court will enter a final order dismissing this civil rights action based on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), as well as Plaintiff's failure to prosecute in compliance with this Order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.") (citation and parenthetical omitted).

**IT IS SO ORDERED**.

DATE: May 9, 2025

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE